1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                      AT SEATTLE
10
11   DENISE ROBERSON,

            Plaintiff,                           Case No.  C07-391RSL
12
13       v.
                                                 ORDER REVERSING &
14   MICHAEL J. ASTRUE, Commissioner,            REMANDING CASE
     Social Security Administration,
15
            Defendant.
16
       The Court, having reviewed plaintiff's complaint (Dkt. #4), the parties' briefs (Dkt. #13,
17
18   17, and 18), the Report and Recommendation (Dkt. #19) of the Honorable James P. Donohue,

19   United States Magistrate Judge, plaintiff's objections to the Report and Recommendation (Dkt.

     #20), and the remaining record, does hereby find and ORDER:
20
        (1)    The Court adopts the Report and Recommendation.
21
        (2)    Plaintiff challenges the Report and Recommendation's analysis concerning the
22
               post-hearing declarations of treating physician Sonia E. Hernandez, M.D.  Dkt.
23
               #20 at 5-7.  Recognizing that the Administrative Law Judge ("ALJ") erred in
24
               discounting Dr. Hernandez's declarations as not sworn under oath, Magistrate
25
               Judge Donohue correctly recommended remanding this issue for further
26
27   ORDER REVERSING & REMANDING CASE          1

1    proceedings "to ensure that Dr. Hernandez's complete and unfiltered medical
2    opinions are considered" (Dkt. #19 at 7).  The Report and Recommendation
3    properly observed that other information in the record might provide a valid basis
4    for the conclusion that the treatment notes merited greater weight than the post-
5    hearing declarations.  See id. at 7-8.  Plaintiff cites Reddick v. Chater, 1557 F.3d
6    715, 726 (9th Cir. 1998), and Nguyen v. Chater, 100 F.3d 1462 (9th Cir. 1996),
7    for the proposition that the purpose and manner in which the declarations were
8    obtained do not constitute sufficient reasons for rejecting them.  These cases are
9    factually distinguishable, however.  Unlike Reddick and Nguyen, where the ALJ
10   rejected the treating doctors' reports, the ALJ in this case accepted the treating
11   doctor's treatment notes.  See Administrative Report at 40-41.  The ALJ found Dr.
12   Hernandez's treatment notes more credible than the post-hearing declarations.  Id.
13   at 43.  The ALJ also accorded weight to information from plaintiff's prior treating
14   physician Dr. Medina and treatment notes from a wound-care center.  Id. at 42-43.
15   Nor do Reddick and Nguyen prohibit considering the purpose and manner in
16   which the declarations were obtained as part of evaluating their credibility, as long
17   as the fact that the declarations were drafted for the disability determination does
18   not form the entire basis for the credibility determination.  See Reddick 1557 F.3d
19   at 726.  Additional reasons, such as inconsistency with treatment notes and
20   ambiguous wording, can create a valid basis for rejecting the declarations.  Id.  As
21   long as the ALJ provides cogent and specific reasons based on the record and
22   demonstrates that the declarations were fully considered, the purpose of the
23   declarations may also be considered.
24   (3)  Arguing that the Commissioner cannot satisfy the burden at step five of identifying
25        jobs existing in significant numbers that plaintiff can perform, plaintiff requests

ORDER REVERSING & REMANDING CASE          2

that the Court direct an award of benefits.[1]  Dkt. #20 at 4-5.  Plaintiff contends that (1) the approximately 260 jobs statewide suggested by the vocational expert (VE) do not amount to a significant number, and (2) the VE relied on a hypothetical for sedentary capacity not including the sit/stand option required for plaintiff's residual functional capacity, and therefore the number of jobs would only decrease upon remand.  Id. at 5.  At step five, the Commissioner must identify work that "exists in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. § 423(d) (2) (A).  On the other hand, the existence of only a few "isolated jobs" will not support a finding of work existing in significant numbers.  Walker v. Matthews, 546 F.2d 814, 819 (9th Cir. 1976).  Supplemental testimony from the VE is necessary to sufficiently establish the specific job-incidence in the regional and national economy.  It is unclear whether the VE included the sit/stand option in the final estimate of "at least 200" cashier positions and "over 50" security guard monitor positions statewide.  See id. at 778 and 787.  In an earlier reference to booth parking lot cashier positions, the VE explicitly included consideration of a sit/stand option.  AR at 772.  Upon remand, the ALJ must solicit from the VE the specific incidence of work matching plaintiff's residual functional capacity, including full consideration of the need to alternate sitting and standing per the ALJ's finding (id. at 39).  Because this would not necessarily reduce the number of existing jobs, remand for further proceedings is appropriate.

---

[1] The Court recognizes that plaintiff sought judicial relief under sentence four, and not sentence six, of 42 U.S.C. § 405(g).  This does not, however, alter the availability of the remedy chosen by the Magistrate Judge in this case.

ORDER REVERSING & REMANDING CASE           3

1  (4) For all of the foregoing reasons, the final decision of the Commissioner is REVERSED, and this case is REMANDED to the Social Security Administration for further proceedings not inconsistent with the Report and Recommendation.

(5) The Clerk shall send copies of this Order to the parties and to Magistrate Judge Donohue.

Dated this 13th day of February, 2008.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge