UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENISE ROBERSON, | Case No. C07-391-RSL-JPD |
| Plaintiff, | |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | REPORT AND RECOMMENDATION |
| Defendant. | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

On February 13, 2008, the court ordered that the decision by the Commissioner of the Social Security Administration ("Commissioner") be reversed and remanded for further administrative proceedings. Dkt. No. 21. The present matter comes before the Court on plaintiff's motion for attorney's fees, costs, and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 23. Defendant filed a timely response opposing the motion. Dkt. No. 24. After careful consideration of the pleadings, supporting materials, the governing law and the balance of the record, the Court recommends that plaintiff's motion be GRANTED IN PART and DENIED IN PART, for the reasons set forth below.

## II.  FACTS AND PROCEDURAL BACKGROUND

The plaintiff filed her initial complaint against the Commissioner on March 28, 2007, and submitted her opening brief on June 29, 2007, asserting that substantial evidence did not

REPORT AND RECOMMENDATION
PAGE – 1

support the five-step decision of the Administrative Law Judge ("ALJ"). Dkt. No. 13. Plaintiff insisted that this court reverse and remand the ALJ's decision for an award of benefits and, in the alternative, for further proceedings. *Id.* The defendant, however, requested a remand for further proceedings, asserting that though there were unresolved issues in the ALJ's decision, the record did not require a finding of disability. Dkt. No. 17. The plaintiff replied on September 7, 2007, asserting the same argument: to either remand for an award of benefits or in the alternative, for further proceedings. Dkt. No. 18.

This Court entered a Report and Recommendation on December 20, 2007, recommending that the case be reversed and remanding for further proceedings. Dkt. No. 19. The Court recommended that on remand, the ALJ should include "(1) an update [to] the record regarding the plaintiff's impairments; (2) a reevaluation of the severity of the plaintiff's mental impairments at step two . . .; (3) a reevaluation of the medical opinions of Dr. Hernandez; (4) a reevaluation of the plaintiff's RFC incorporating any new evidence and findings; and (5) supplemental vocational expert testimony." Dkt. No. 19. The plaintiff filed objections to the Report and Recommendation on January 4, 2008, arguing again that the court should either reverse the ALJ's decision and award benefits or reverse and remand for further proceedings. Dkt. No. 20. By order dated February 13, 2008, the Honorable Robert S. Lasnik, Chief Judge, adopted the undersigned's Report and Recommendation. Dkt. No. 21. Plaintiff then moved for EAJA fees on April 28, 2008, asserting that she was the prevailing party and so entitled. Dkt. No. 23. Defendant challenged this motion for fees on May 2, 2008, based on the unreasonable nature of the fee request. Dkt. No. 24.

### III.   DISCUSSION

A.   <u>Prevailing Parties Are Entitled Reasonable Fees</u>

The EAJA entitles prevailing parties to "reasonable fees and expenses of attorneys." 28 U.S.C. § 2412(b). Reasonable fees are be calculated based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983). The only challenge made by the defendant in this case is to the reasonableness of time plaintiff's counsel expended in preparing the reply brief to her complaint and the objections to this Court's Report and Recommendation. Dkt. Nos. 18, 20, 24. Defendant argues that all hours expended are not reasonable because the plaintiff did not prevail on issues raised in the reply brief and the subsequent objections. Defendant asks the Court to award an EAJA fee lower than that which the plaintiff has requested. *Id.*

When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended may be an excessive amount." *Hensley*, 461 U.S. at 436. Specifically, the Supreme Court has found that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440. The Court has the discretion to make this equitable judgment. *Id.* at 437. In answering this question in *Atkins v. Apfel*, the Ninth Circuit asked: "did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" 154 F.3d 986 (9th Cir. 1998). The Ninth Circuit further explained that "the district court should 'make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.'" *Atkins*, 154 F.3d at 989 (citing *Hensley*, 461 U.S. at 437) (holding that district court abused discretion by failing to consider results obtained on appeal when determining whether fees were reasonable).

B.   <u>Plaintiff's Fee Request Is Not Reasonable</u>

The Court finds that an award of 7.3 hours of attorney time for Robert A. Friedman and 25.6 hours of attorney time for Eric Schnaufer, as the plaintiff requests, is not reasonable insofar as it pertains to an issue on which the plaintiff did not prevail. Although the plaintiff succeeded in reversing and remanding the ALJ decision, see Dkt. No. 21, the plaintiff primarily sought relief in the form of a remand for benefits. Dkt. No. 21. Plaintiff did not prevail on this request and should not be granted fees in furtherance of this claim. This requires a reduction in fees of 11.8 hours that accounts for the hours spent on claims for which there was no

REPORT AND RECOMMENDATION
PAGE – 3

additional benefit to the plaintiff. Dkt. Nos. 23-5, 23-6, 24.

Although the case was ultimately remanded and reversed for further administrative proceedings, Chief Judge Lasnik's order only reflects a limited success for the plaintiff. *See* Dkt. No. 21. The Plaintiff's reply brief and subsequent objections to the Report and Recommendation in this case did not advance her position and offered no further benefit. Dkt. Nos. 18, 20. In the plaintiff's brief in support of her motion for attorney's fees, she explains that Mr. Schnaufer completed 10.5 hours of work drafting plaintiff's reply brief and objections to this Court's Report and Recommendation. Dkt. Nos. 23-6, 24. Plaintiff also explains that Mr. Friedman completed 1.3 hours reviewing the plaintiff's reply brief, the Court's Report and Recommendation, and the plaintiff's objections to the Report and Recommendation. Dkt. Nos. 23-5, 24. Because these hours were expended on a claim that did not prevail, the plaintiff is not entitled to attorney fees for these hours.

## IV. CONCLUSION

Plaintiff's attorney, Mr. Robert A. Friedman, should be awarded attorney's fees in the amount of $3,512.31 based on 21.1 hours of work at the rate of $166.42 per hour, as well as expenses in the amount of $56.08 and costs of $19.75 under the EAJA, 28 U.S.C. § 2412 and 1920. A proposed Order accompanies this Report and Recommendation.

DATED this 2nd day of June, 2008.

*James P. Donohue*
————————————————
JAMES P. DONOHUE
United States Magistrate Judge